# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | |
|---|---|
| THE PITCHFORK LAND AND CATTLE COMPANY, ) ) ) | |
| Plaintiff, ) ) | Case No. 5:23-cv-00205 |
| v. ) ) | **JURY TRIAL DEMANDED** |
| PITCHFORK RANCH, LLC, ) ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff The Pitchfork Land and Cattle Company ("Plaintiff") brings this action against Defendant Pitchfork Ranch, LLC ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff operates a long-time, highly reputable and historically significant ranch and cattle company near Guthrie, Texas, spanning some 165,000 acres, and in connection with its ranch and cattle company, has long used in interstate commerce common law trademarks, and owns sixteen (16) federal registrations for, its PITCHFORK LAND AND CATTLE COMPANY mark and stylized Ψ mark ("Plaintiff's Marks")

2. This is an action for trademark infringement, trademark counterfeiting, unfair competition, trademark dilution, and false advertising under federal law and Texas common law to stop Defendant's wrongful sale and promotion of numerous goods and services, including ranching, livestock, beef sales, recreation, retail, and clothing ("Infringing Goods and Services"), bearing or being offered for sale in connection with and under confusingly similar iterations of Plaintiff's Marks.

3. Namely, in violation of Plaintiff's rights, Defendant is using and offering for sale identical and/or overlapping goods and services under substantially indistinguishable marks:



**Plaintiff's Marks**　　　　　　　　　　**"Infringing Marks"**

4. If Defendant is not enjoined from using its unlawful iterations of Plaintiff's Marks on the Infringing Goods and Services, as shown above, Defendant's usage is likely to cause, and/or will continue to cause, confusion among consumers and likely to dilute, and/or will continue to dilute, the distinctiveness of Plaintiff's federally registered trademarks.

5. Defendant's persistence in continuing its use of Plaintiff's trademarks, after multiple notices and requests to cease and desist, is willful and poses imminent irreparable harm to both Plaintiff and the public if not enjoined.

## THE PARTIES

6. Plaintiff is a corporation organized and existing under the laws of the State of Delaware since 1933, having its principal place of business at 2900 US-82 Dickens, Texas 79229, including spanning to Guthrie, Texas.

7. Defendant is a limited liability company organized and existing under the laws of the State of Wyoming since 1998, having its principal place of business at 20A RD 5 RU Meeteetse, Wyoming 82433, and its registered agent being the law firm of Holland & Hart LLP located at 25 S Willow St. Suite 200 Jackson, Wyoming 83001.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to its federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

9. This Court has personal jurisdiction over Defendant and venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391(b) because Defendant sold, and offers for sale, its Infringing Goods and Services to consumers in Texas, causing a likelihood of confusion and deceit amongst the consumers in Texas. Further, Defendant transacts business in the State of Texas, including by offering and promoting its products, including the Infringing Goods and Services bearing Plaintiff's Marks, within this State and District. Plaintiff's claims arise in this District, where a substantial portion of the activity about which Plaintiff complains has taken place and where the effects of Defendant's actions are felt.

## FACTUAL ALLEGATIONS

10. From the beginning of its inception in the late 1800s to the modern day, Plaintiff has grown to be a successful and well-respected ranch with current locations in Texas and Oklahoma and additionally a nation-wide reach via its marketing and reputation, and has utilized Plaintiff's Marks in connection therewith.

11. Among the goods and services Plaintiff provides, raising top quality beef cattle is a core of its business. Plaintiff also prides itself in several aspects of its ranch operations, including oil exploration, producing millions of barrels of oil since its first discovery; hunting, with guided hunts for deer, game birds, boar, and other game; farming; raising horses for its own use and for

sale to the public; and selling clothing, housewares, and paper goods in its brick and mortar and online stores (the "PITCHFORK Goods and Services").

12. In furtherance of its brand and reputation since its inception in the late 1800s, Plaintiff has used Plaintiff's Marks in commerce in connection with the PITCHFORK Goods and Services and currently maintains sixteen (16) federal trademark registrations (hereinafter the "PITCHFORK Registrations"), summarized below:

| MARK | U.S. REG. NO. & REG. DATE | GOODS OR SERVICES | FIRST USE AT LEAST AS EARLY AS |
|---|---|---|---|
| [pitchfork logo] | 3844141 Sept. 7, 2010 | Livestock, namely, cattle and horses. | 1883 |
| [pitchfork logo] | 3840337 Aug. 31, 2010 | Ranching services, namely, breeding and raising of cattle and horses, and stud services for horses. | 1883 |
| THE PITCHFORK LAND & CATTLE COMPANY | 3840166 Aug. 31, 2010 | Livestock, namely, cattle and horses. | 1883 |
| THE PITCHFORK LAND & CATTLE COMPANY | 3847211 Sept. 14, 2010 | Ranching services, namely, breeding and raising of cattle and horses, and stud services for horses | 1883 |
| THE PITCHFORK LAND & CATTLE COMPANY | 3840165 Aug. 31, 2010 | Land leasing, namely, for oil and gas exploration, farming, game hunting and cattle grazing | 1979 |

| MARK | U.S. REG. NO. & REG. DATE | GOODS OR SERVICES | FIRST USE AT LEAST AS EARLY AS |
|---|---|---|---|
| | 3840336 Aug. 31, 2010 | Land leasing, namely, for oil and gas exploration, farming, game hunting and cattle grazing. | 1979 |
| | 3840186 Aug. 31, 2010 | Paper goods, namely, centennial books featuring historical information about a ranch and postcards; pens; adhesive memo pads; letter opener. | Sept. 1998 |
| PITCHFORK LAND & CATTLE CO. | 3840167 Aug. 31, 2010 | Housewares, namely, mugs, insulated containers for canned beverages or portable beverages, portable beverage coolers, insulated mugs, insulated portable coolers for food or beverages, coasters not of paper and not being table linen. | Sept. 1998 |
| | 3840184 Aug. 31, 2010 | Clothing and accessories, namely, short sleeved t-shirts, long sleeved shirts, sweatshirts, polo shirts, vests, and jackets; baby bibs not of paper; aprons; bandannas; silk scarves; ear warmers; caps with visors; baseball caps. | Sept. 1998 |
| | 3840274 Aug. 31, 2010 | Retail and online retail store services featuring printed goods, office supplies, housewares, clothing, clothing accessories, headgear, baby bibs, aprons, pot holders, souvenirs, Christmas ornaments and toys. | Sept. 1998 |
| | 3840185 Aug. 31, 2010 | Housewares, namely, mugs, insulated containers for canned beverages or portable beverages, portable coolers, insulated mugs, insulated portable coolers for food or beverages, coasters not of paper and not being table linen. | Sept. 1998 |
| PITCHFORK LAND & CATTLE CO. | 3878583 Nov. 23, 2010 | Clothing and accessories, namely, short sleeved t-shirts, long sleeved shirts, sweatshirts, polo shirts, vests, jackets, baseball caps, and baby bibs not of paper. | Sept. 1998 |
| PITCHFORK LAND & CATTLE CO. | 3847210 Sept. 14, 2010 | Paper goods, namely, centennial books featuring historical information about a ranch; note cards and adhesive memo | Sept. 1998 |

5

| MARK | U.S. REG. NO. & REG. DATE | GOODS OR SERVICES | FIRST USE AT LEAST AS EARLY AS |
|---|---|---|---|
| | | pads; pens; letter opener; paper holder in the nature of a clip to hold a memo note. | |
| THE PITCHFORK LAND & CATTLE COMPANY | 3836987 Aug. 24, 2010 | Retail and online retail store services featuring printed goods, office supplies, housewares, clothing, clothing accessories, headgear, baby bibs, pot holders, souvenirs, Christmas ornaments and toys. | Sept. 1998 |
| | 3840275 Aug. 31, 2010 | Recreational services, namely, providing a hunting preserve. | Oct. 1999 |
| THE PITCHFORK LAND & CATTLE COMPANY | 3840168 Aug, 31, 2010 | Recreational services, namely, providing a hunting preserve. | Oct. 1999 |

13.     The United States Patent and Trademark Office duly and legally issued the PITCHFORK Registrations. True and accurate copies of the Certificates of Registration for the PITCHFORK Registrations are collectively attached as Exhibits 1-16.

14.     The PITCHFORK Registrations are valid and subsisting and have not be cancelled, revoked, or abandoned. Pursuant to 15 U.S.C. § 1065, the PITCHFORK Registrations are incontestable and constitute conclusive evidence of Plaintiff's ownership and the validity of the registrations.

15.     Plaintiff has continuously used Plaintiff's Marks, both in common law and registered form, in interstate commerce in connection with the PITCHFORK Goods and Services, namely those identified above, since at least each respective first date of use set forth in the PITCHFORK Registrations. Further, notice has been given to the public that Plaintiff's Marks are registered trademarks by affixing notice provided in 15 U.S.C. § 1111.

16. Plaintiff's Marks are used throughout the State of Texas and the United States, and are valid, distinctive, and/or have acquired distinctiveness and secondary meaning to the public indicating Plaintiff as the source of the PITCHFORK Goods and Services bearing any of Plaintiff's Marks. Plaintiff's Marks are protectable at common law.

17. At least in 1998, Plaintiff published a website offering for sale its goods and services, which included an online store to sell clothing, housewares, and paper goods. The website has remained in operation since its creation in 1998 and is a core marketing tool for Plaintiff to promote its business using Plaintiff's Marks.

18. As a result of sales and promotion of the PITCHFORK Goods and Services described herein and offered in connection with Plaintiff's Marks, Plaintiff has built up highly valuable goodwill in Plaintiff's Marks, and said goodwill has become closely and uniquely identified and associated with Plaintiff.

19. Plaintiff has invested substantial time and financial resources in developing and promoting its business using Plaintiff's Marks.

20. Upon information and belief, Defendant has not made continuous trademark use of any version of the Infringing Marks for any period of time prior to Plaintiff's first use of the Pitchfork Marks.  Namely, Defendant has not continuously used the Infringing Marks or any variation of the Infringing Marks in connection with any livestock sales or ranching services since the date implied and asserted in Defendant's marketing and on its website, and Defendant's use of the Infringing Marks with regard to beef sales, recreation, retail, clothing and other related and overlapping goods and services all post-date Plaintiff's first use of Plaintiff's Marks, including Plaintiff's first common law uses and Plaintiff's registered uses.

21. Moreover, in or about 2022, over a century after Plaintiff firmly established its rights in the Plaintiff's Marks, and twenty-five years after Plaintiff launched its own website solidifying and further establishing nation-wide use of Plaintiff's Marks, Defendant unlawfully expanded its prior uses of the Infringing Marks beyond its previous on-premise uses in limited geographic areas to nation-wide online uses and infringement at https://www.pitchforkranch.com/ranch-goods, including, for example, sale of Infringing Goods and Services that constitute counterfeit marks and products:

   

**Plaintiff's Authentic Goods**         **Defendant's Counterfeit Goods**

22. Despite Plaintiff's demands, Defendant has refused to cease its infringing activities.

## COUNT I – Trademark Counterfeiting
### (Lanham Act, 15 U.S.C. § 1114)

23. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

24. Without Plaintiff's consent, Defendant used and continues to use in commerce reproductions, substantially indistinguishable variations, counterfeits, copies, and colorable imitations of the Plaintiff's Marks, set forth in Paragraph 12, above, in connection with the offering, distribution, and/or advertising of its Infringing Goods and Services, which are likely to cause confusion, mistake, or deceive consumers, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

25. Defendant sells its Infringing Goods and Services in competition with and in the same channels of trade as the PITCHFORK Goods and Services.

26. Defendant's activities described above have at all times been willful and/or knowing.

27. As a direct and proximate result of Defendant's actions described above, Plaintiff has been damaged and will continue to be damaged.

## COUNT II – Trademark Infringement
### (Lanham Act, 15 U.S.C. § 1114)

28. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

29. Without Plaintiff's consent, Defendant used and continues to use in commerce reproductions, copies, and colorable imitations of the Plaintiff's Marks in connection with the offering, distribution, and/or advertising of its Infringing Goods and Services, which is likely to cause confusion, mistake, or deceive consumers, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30. Defendant sells its Infringing Goods and Services in competition with and in the same channels of trade as the PITCHFORK Goods and Services.

31. Defendant's activities described above have at all times been willful and/or knowing.

32. As a direct and proximate result of Defendant's actions described above, Plaintiff has been damaged and will continue to be damaged.

## COUNT III – Unfair Competition
### (Lanham Act, 15 U.S.C. § 1125)

33. Plaintiff incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

34. Defendant has made, and is making, misleading statements of fact in its commercial advertisements of its sale of the Infringing Goods and Services by using Plaintiff's Marks in association with its branding, with actual knowledge of Plaintiff's rights and assertions that doing so is likely to create confusion in the marketplace.

35. Defendant's statements have the capacity to deceive a substantial segment of potential consumers, creating a false designation of origin and/or false or misleading representation of fact.

36. The deception is material, in that it is likely to influence a consumer's purchasing decision based on the false and deceptive appearance of an affiliation, connection or association, sponsorship, or approval of Plaintiff's sale of the PITCHFORK Goods and Services by Defendant.

37. Defendant's activities described above have at all times been willful and/or knowing.

38. As a direct and proximate result of Defendant's actions described above, Plaintiff has been damaged and will continue to be damaged.

## COUNT IV – False Advertising
### (Lanham Act, 15 U.S.C. § 1125)

39. Plaintiff incorporates by reference Paragraphs 1 through 38 as if fully set forth herein.

40. Defendant's actions, as described above, constitute false and misleading misrepresentations of fact in commerce which, in commercial advertising and promotion,

misrepresent the nature, characteristics, and qualities of Defendant's products and/or the PITCHFORK Goods and Services in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

41. Defendant's activities described above have at all times been willful and/or knowing.

42. As a direct and proximate result of Defendant's actions described above, Plaintiff has been damaged and will continue to be damaged.

## COUNT V – Trademark Dilution
### (Lanham Act, 15 U.S.C. § 1125)

43. Plaintiff incorporates by reference Paragraphs 1 through 42 as if fully set forth herein.

44. Plaintiff's Marks are famous, as that term is used in 15 U.S.C. § 1125(c), and were famous before Defendant first used or promoted its Infringing Goods and Services based on, among other things, federal registration of Plaintiff's Marks, the substantial commercial success thereunder, and the extensive nationwide use, advertising, promotion, publicity, and recognition of those marks.

45. Defendant's actions, as described above, are likely to dilute, and/or have diluted, the distinctive quality of and tarnish Plaintiff's Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), as amended by the Trademark Dilution Revision Act of 2006.

46. Defendant's activities described above have at all times been willful and/or knowing.

47. As a direct and proximate result of Defendant's actions described above, Plaintiff has been damaged and will continue to be damaged.

## COUNT VI – Trademark Dilution
### (Tex. Bus. & Com. Code § 16.103)

48. Plaintiff incorporates by reference Paragraphs 1 through 47 as if fully set forth herein.

49. Plaintiff's Marks are famous and distinctive, inherently or through acquired distinctiveness, in the State of Texas, and were famous before Defendant first used or promoted its Infringing Goods and Services based on, among other things, the duration, extent, and geographic reach of Plaintiff's promotion and publicity of Plaintiff's Marks in the State of Texas; the commercial success of Plaintiff's sales of the PITCHFORK Goods and Services under Plaintiff's Marks in the State of Texas, including the geographic extent thereof; actual recognition of Plaintiff's Marks in the State of Texas; and federal registration of the Plaintiff's Marks with the United States Patent and Trademark Office.

50. Defendant's actions, as described above, are likely to dilute, and have diluted, the distinctive quality of and tarnish Plaintiff's Marks in violation of Tex. Bus. & Commerce Code § 16.103.

51. Defendant's actions described above constitute trademark dilution in violation of the Texas Trademark Act.

52. Defendant's activities described above have at all times been willful and/or knowing.

53. As a direct and proximate result of Defendant's actions described above, Plaintiff has been and will continue to be damaged.

### COUNT VII – Trademark Infringement and Unfair Competition
### (Texas Common Law)

54. Plaintiff incorporates by reference Paragraphs 1 through 53 as if fully set forth herein.

55. Defendant is unlawfully free-riding off of Plaintiff's goodwill and rights associated with Plaintiff's Marks by putting into use in commerce the "PITCHFORK RANCH" name and accompanying, nearly identical, pitchfork logo, which include and encompass the Marks which were the subject of Plaintiff's federal trademark registrations, namely those identified in Paragraph 12, above. Such acts constitute trademark infringement and unfair competition under Texas common law.

56. Defendant's activities described above have at all times been willful and/or knowing.

57. As a direct and proximate result of Defendant's actions described above, Plaintiff has been and will continue to be damaged.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully demands a trial by jury on all issues properly triable by a jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. That the Court find a violation of registered trademark rights, common law trademark rights, trademark counterfeiting, trademark infringement, unfair competition, false advertising, and dilution, by Defendant under federal and state law based upon Defendant's engaging in and continuing to use Plaintiff's Marks for the sale of its Infringing Goods and Services;

B. That the Court enjoin Defendant's manufacture, use, display, or sale of any counterfeits or imitations of Plaintiff's Marks;

C. That the Court order Defendant to immediately modify its ranch name to exclude use of Plaintiff's Marks, including removal of "PITCHFORK" and the accompanying pitchfork logo;

D. That the Court order Defendant to remove all references to, imitations of, and labels with "PITCHFORK" and/or the accompanying pitchfork logo from all goods and services sold by Defendant in connection with its sale of its Infringing Goods and Services;

E. That the Defendant immediately account for all sales and profits made from any and all Infringing Goods and Services sold under or bearing the "PITCHFORK" name and/or accompanying pitchfork logo;

F. That the Court award to Plaintiff a disgorgement of all of Defendant's profits, actual damages, statutory damages, treble damages, and such other monetary relief as is allowed under applicable law;

G. That this case be deemed an exceptional case based upon Defendant's willful conduct and reckless disregard of Plaintiff's rights;

H. That Plaintiff be awarded costs and attorneys' fees, and prejudgment and post-judgment interest, pursuant to applicable law; and

I. That Plaintiff be awarded such other and further relief as the Court deems just and appropriate.

Dated: September 1, 2023

**KELLY HART & HALLMAN, LLP**

By: /s/ Elizabeth Geary-Hill
Elizabeth Geary-Hill, TX Bar No. 24083179
500 W. Illinois, Suite 800
Midland, Texas 79701
Telephone: (432) 688-0421
Facsimile: (432) 683-6518
Email: Elizabeth.geary-hill@kelly.com

**LEWIS RICE LLC**

Bridget Hoy, *PHV forthcoming*
Allison Knopp, *PHV forthcoming*
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7600
Facsimile: (314) 241-6056
Email: bhoy@lewisrice.com

*Attorneys for Plaintiff Pitchfork Land and Cattle Company*