**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| THE PITCHFORK LAND AND CATTLE COMPANY, | ) ) ) | |
| Plaintiff/Counterclaim-Defendant, | ) ) | Case No. 5:23-cv-00205-H |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| PITCHFORK RANCH, LLC, | ) ) | |
| Defendant/Counterclaim-Plaintiff. | ) | |

## JOINT [INITIAL] STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f) and this Court's Order (ECF No. 12), and jointly submit the following Joint Report. *See* FED. R. CIV. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); FED. R. CIV. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* FED. R. CIV. P. 16(b)(4).

**1.     Nature and Basis of the Claims and Defenses**

      a.   Nature and Basis of the Claims (Plaintiff's position):  This is an action for trademark infringement, trademark counterfeiting, unfair competition, trademark dilution, and false advertising under federal law and Texas common law to stop Defendant's wrongful sale and promotion of numerous goods and services, including ranching, livestock, beef sales, recreation, retail, and clothing ("Infringing Goods and Services"), bearing or being offered for sale in connection with and under confusingly similar iterations of Plaintiff's Marks.  Namely, Plaintiff alleges that in violation of Plaintiff's rights, Defendant is using and offering for sale identical and/or overlapping goods and services under substantially indistinguishable marks:



**Plaintiff's Marks**            **"Infringing Marks"**

Plaintiff alleges it has senior federal and common law rights due to its first-in-time uses, including but not limited to its first use of its Pitchfork shaped brand on livestock dating back to 1870, including as follows:



Plaintiff alleges that Defendant's uses on particular goods and services began after Plaintiff's first uses, and/or Defendant did not make continuous use in interstate commerce on the Infringing Goods and Services, among other facts, prior to the filing of Plaintiff's applications with the U.S. Patent and Trademark Office. Plaintiff seeks an injunction, reimbursement for lost sales, disgorgement of profits, statutory damages, attorneys' fees and costs and other monetary and equitable relief allowed by applicable law.

Finally, in defense of the counterclaim asserted by Defendant for cancellation of Plaintiff's federal registrations, Plaintiff has moved to dismiss and denies it had knowledge of Defendant's infringing use of the term PITCHFORK on the Infringing Goods and Services, particularly because Defendant expanded its uses over time, which uses eventually made their way to online sales through its website in or about 2022, forcing this lawsuit to police infringement and enforce its senior rights.

b. Nature and basis of the defenses (Defendant's position):  Defendant has used the PITCHFORK word and design marks (PR's Marks, as defined in Defendant's Answer) consistently since at least as early as 1878, thereby acquiring nationwide common law rights in PR's Marks that are senior and superior to Plaintiff's claimed rights.  PR's Marks and Plaintiff's relied-upon marks have peacefully coexisted for approximately 140 years and, despite knowing of Defendant's PITCHFORK Ranch for at least several decades, including personally visiting Defendant's PITCHFORK Ranch in Wyoming in 1986, Plaintiff never objected to Defendant's use of PR's Marks previously.  Given Defendant's long-standing and senior rights in PITCHFORK, there is no likelihood of confusion between the parties' respective uses of the marks, and Plaintiff's claims are otherwise time-barred under laches and related doctrines.

Plaintiff first filed for a trademark registration based on its use of PITCHFORK in Texas in August 2009, and affirmatively told the USPTO under oath that to the best of its knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, despite its alleged knowledge of Defendant's

unobjected to use of PITCHFORK for over a century. Accordingly, Plaintiff's trademark registrations should be cancelled based on fraud on the USPTO.

**2.      Possibility of Prompt Resolution**

    a. The parties have exchanged settlement terms but it is too early to say whether a prompt resolution is likely.

**3.      Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)**

    a. Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1) were exchanged on Tuesday, December 5, 2023. Neither Party objected to Initial Disclosures.

**4.      Explanation of the Basis for Jurisdiction**

    a. This Court has Subject Matter Jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

    b. This Court has Personal Jurisdiction over the Parties and Venue is proper in this District Court pursuant to the Texas Civil Practice & Remedies Code §§ 17.041-17.045 and 28 U.S.C. § 1391(b), respectively. Further, neither Party objects to Personal Jurisdiction in the State of Texas.

**5.      Proposed Time Limit to Join Parties**

    a. The Parties propose a deadline of January 22, 2024 to join additional parties.

**6.      Proposed Time Limit to Amend the Pleadings**

    a. The Parties propose a deadline of January 22, 2024 to amend their respective pleadings.

**7.      Proposed Time Limit to File Motions**

    a. The Parties propose a motion deadline of October 7, 2024.

**8.      Proposed Time Limit for Initial Designation of Experts**

    a. The Parties propose an Initial Designation of Experts deadline of June 17, 2024.

    b. The Parties believe expert testimony may be necessary to analyze the likelihood of confusion and actual confusion caused as well as and damages. However, the Parties agree additional or less expert testimony may be necessary as facts come to light in discovery.

9.    **Proposed Time Limit for Responsive Designation of Experts**

    a.   The Parties propose a Responsive Designation of Experts deadline of July 22, 2024.

10.   **Proposed Time Limit for Objections to Experts**

    a.   The Parties propose an October 7, 2024 deadline to object to experts.

11.   **Discovery**

    a.   The Parties propose a September 9, 2024 deadline to complete discovery.

    b.   The Parties do not believe discovery needs to be conducted in phases or limited to any particular issues at this time. Further, the Parties agree that all production of documents shall be sent via electronic mail.

12.   **Discussion of Stipulated and/or Undisputed Facts**

    a.   The Parties agree to the following stipulated facts:

        i.   Pitchfork Land and Cattle Company stipulates that it is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 2900 US-82 Dickens, Texas 79229, which location spans throughout Dickens and Guthrie, Texas.

        ii.  Pitchfork Ranch, LLC stipulates that it is a limited liability company organized and existing under the laws of the State of Wyoming, having its principal place of business at 20A RD 5 RU Meeteetse, Wyoming 82433.

13.   **Changes and/or Additions to Limitations on Discovery**

    a.   The Parties do not propose any changes or limitations to discovery under the Federal Rules of Civil Procedure. Further, the Parties will submit a Proposed Stipulated Protective Order regarding Confidential and Attorneys' Eyes Only documents.

14.   **Electronically Stored Information ("ESI")**

    a.   The Parties agree that the Proposed Stipulated Protective Order sufficiently covers the retention, disclosure, and discovery of ESI. Further, the Parties agree that search terms for e-mail discovery are unnecessary, and that at least some, if not all, documents may not contain underlying metadata due to each Parties' method of document retention.

    b.   The Parties do not dispute the disclosure or discovery of ESI at this time.

15.    **Proposals for Handling and Protection of Privileged and Trial Prep Materials**

      a.    The Parties agree that the Proposed Stipulated Protective Order sufficiently covers the handling and protection of privileged and trial preparation materials.

16.    **Trial**

      a.    The Parties propose a trial date of February 10, 2025, and estimate that trial will last five (5) days. A jury trial on all issues so triable has been demanded by both Parties.

17.    **Proposed Date for Further Settlement Negotiations**

      a.    Settlement discussions between the Parties remain on-going.

18.    **Trial before Magistrate Judge Bryant**

      a.    The Parties do not consent to trial before the Magistrate Judge.

19.    **Other Scheduling and Discovery Proposals**

      a.    The Parties have no other scheduling or discovery proposals.

20.    **Conference with the Court**

      a.    The Parties believe that a conference with the Court is not necessary at this time.

21.    **Any Other Matters Relevant to the Status and Disposition of the Case**

      a.    The Parties present no other matters relevant to the status and disposition of this case, but agree to meet and confer if issues arise.

Dated: December 13, 2023

**LEWIS RICE LLC**

By: /s/ Bridget Hoy                               /s/ Timothy P. Getzoff
Bridget Hoy, *Pro Hac Vice*                  TIMOTHY P. GETZOFF (PRO HAC VICE)
Allison Knopp, *Pro Hac Vice*               AMY J. TINDELL (PRO HAC VICE)
600 Washington Avenue, Suite 2500      HOLLAND & HART LLP
St. Louis, Missouri 63101                    1800 Broadway, Suite 300
Telephone: (314) 444-7600                Boulder, Colorado 80302
Facsimile: (314) 241-6056                 T: 303.473.2700
Email: bhoy@lewisrice.com               F: 303.473.2720
                                      tgetzoff@hollandhart.com
**KELLY HART & HALLMAN, LLP**     ajtindell@hollandhart.com

Elizabeth Geary-Hill, TX Bar No. 24083179  **COUNSEL FOR DEFENDANT**
500 W. Illinois, Suite 800                **PITCHFORK RANCH, LLC**
Midland, Texas 79701
Telephone: (432) 688-0421               MATT D. MATZNER
Facsimile: (432) 683-6518                TEXAS BAR NO. 00797022
Email: Elizabeth.geary-hill@kellyhart.com  CRENSHAW, DUPREE & MILAM, L.L.P.
                                        Post Office Box 64479
*Counsel for Plaintiff/Counterclaim Defendant*  Lubbock, Texas 79464-4479
*Pitchfork Land and Cattle Company*       Telephone: (806) 762-5281
                                        Facsimile: (806) 762-3510
                                        mmatzner@cdmlaw.com

                                      **LOCAL COUNSEL FOR DEFENDANT**
                                      **PITCHFORK RANCH, LLC**